UNITED STATES OF AMERICA
IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| THOMAS HULBERT | ) | |
|     Plaintiff, | ) | **COMPLAINT** |
| and | ) | |
| KENDRA HULBERT | ) | **AND** |
|     Plaintiff, | ) | |
| and | ) | **DEMAND FOR JURY TRIAL** |
| B. D.   a minor by his | ) | |
| guardian Kendra Hulbert | ) | |
|     Plaintiff, | ) | File No.   1:11-cv-1347 |
| and | ) | |
| S. F.   a minor by her | ) | |
| guardian Kendra Hulbert | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ERIN MATUZ both individually | ) | |
| and in her official capacity | ) | |
|     Defendant, | ) | |
| and | ) | |
| BARBARA KLINGENMAIER | ) | |
| both individually | ) | |
| and in her official capacity | ) | |
|     Defendant, | ) | |
| and | ) | |
| MAURA D. CORRIGAN | ) | Hon. |
| in her official capacity as Director of | ) | |
| Michigan Department of Human Services | ) | |
|     Defendant, | ) | |
| | ) | |

_____

Joshua S. EldenBrady
Attorney for the Plaintiffs
1336 Spring St.
Muskegon, MI  49442
eldenbradylaw@gmail.com
517-630-1013

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

This case arises out of a Child Protective Services action, including temporary child removal, on which Erin Matuz was the primary agent. For their complaint, Plaintiffs present the following facts as within their knowledge or reasonable belief and plead as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), because this case involves a federal question and federal law under 42 U.S.C. § 1983.

2. This Court has supplementary jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §§ 1367 because they are part of the same case or controversy as the federal question claims.

3. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b), because the actions which give rise to the claims asserted in this Complaint arose in this district, and Defendants reside or are located within this district.

4. Plaintiffs were at the time of the event from which these claims arise and currently are resident of Muskegon County, Michigan.

5. Defendant Erin Matuz was, at all times material to this action, a caseworker employed with the Muskegon County office of DHS. She is being sued in her individual and official capacity.

6. Defendant Barbara Klingenmaier was, at all times material to this action, a caseworker or supervisor employed with the Muskegon County office of DHS. She is being sued in her individual and official capacity.

7. Defendant Maura D. Corrigan is the Director of the Michigan Department of Human Services and is being sued in her official capacity.

### Factual Background

8. On Dec 12, 2010, Brianne Moschke recorded a phone conversation between herself and Thomas Hulbert and Kendra Hulbert.

9. On Dec 13, 2010, Erin Matuz opened a CPS investigation into Thomas Hulbert.

10. A copy of the phone conversation from the Dec 12, 2010 was given to Erin Matuz by Brianne Moschke.

11. On Dec 13, 2010, Erin Matuz contacted the children's schools.

12.     By the end of Dec 17, 2010, Erin Matuz had completed interviews of all children in the household except S. F. who was not in school that day.

13.     On Dec 17, 2010 Thomas Hulbert and Kendra Hulbert contacted Erin Matuz and Barbara Klingenmaier complaining about CPS interviewing of the children at school.

14.     As part of this phone contact, they were told to take the weekend to "calm down" and "think over" allowing CPS access to the household.

15.     On Dec 20, 2010, at 8:40am, Defendants left a voice-mail with Plaintiffs regarding a preliminary hearing that day at 1:00pm.

16.     On Dec 20, 2010 at 11:45am, Kendra Hulbert called Barbara Klingenmaier regarding the complaint and was told to "be at the family court at 1PM and her concerns could be dealt with at that time."

17.     On Dec 20, 2010 at 1:00pm, Defendants obtained a pickup order for Kendra Hulbert's children.

18.     On Dec 20, 2010 at 4:15pm, Defendant executed the pickup order.

19.     At one point while executing the pickup order Erin Matuz was laughing in front of the children.

20.     At the preliminary hearing on Dec 21, 2010, at 1:00pm, Defendants requested, and the court granted, an order prohibiting Thomas Hulbert from having contact with the home or with his wife Kendra.

21.     Defendants were acting under the color of law at all times relevant to this complaint.

## Count 1
## Violation of Plaintiffs' Rights to Freedom From Unreasonable Search and Seizure

22.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

23.     On Dec 12, 2010, Brianne Moschke recorded a phone conversation between herself and Thomas Hulbert and Kendra Hulbert.

24.     During that conversation, she did not identify to Mr. and Mrs. Hulbert that she was recording it or what she planned to do with it.

25.     After recording the phone conversation, Brianne Moschke took a copy of the recording to Erin Matuz at the Department of Human Services.

26.     Brianne Moschke and Erin Matuz had a relationship pre-existing the events of this suit.

27.     Brianne Moschke recorded the phone conversation at the direction or suggestion of Erin Matuz.

28.     Erin Matuz suggested and Brianne Moschke recorded the phone conversation with the intent of giving it to Erin Matuz in order to initiate a Child Protective Services investigation against Thomas Hulbert and Kendra Hulbert.

29.     Erin Matiz in an official government agent for purposes of Child Protective Services investigation and suggested or directed the recording of the conversation for the purpose of initiating an investigation.

30.     Erin Matuz suggesting or soliciting the phone conversation recording from Brianne Moschke without a warrant violated Thomas Hulbert's and Kendra Hulbert's right to be free from unreasonable search and seizure under the U.S. Constitution's 4th and 14th Amendments along with other applicable state and federal constitutional and statutory guarantees.

## Count 2
## Violation of Plaintiffs' Rights to Freedom of Speech

31.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

32.     The phone conversation recording referred to in paragraphs 7-14 was used by Erin Matuz to initiate a Child Protective Services investigation.

33.     Said conversation involved only Brianne Moschke, Thomas Hulbert, and Kendra Hulbert.

34.     At no time in the investigation was any suggestion made that any children were present to hear the conversation.

35.     To the knowledge of Thomas Hulbert and Kendra Hulbert no children were present or able to hear the conversation.

36.     No part of the conversation constituted a "true threat" as necessary to remove free speech protection from he conversation.

37.     Using the phone conversation as part of a CPS case violated Thomas Hulbert's and Kendra Hulbert's right to freedom of speech under the U.S. Constitution's 1st and 14th Amendments along with other applicable state and federal constitutional an statutory guarantees.

38.     Initiating an investigation based on the phone conversation, even absent its use as evidence in the case, promises to have a chilling effect on free speech and therefore also violated Thomas Hulbert's and Kendra Hulbert's right to freedom of speech under the U.S. Constitution's 1st and 14th Amendments along with other applicable state and federal constitutional and statutory guarantees.

## Count 3
## Violation of Plaintiffs' Rights To Marital Company

39.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

40.     At the court hearing held on December 21, 2010 in the Family Division of the 14th Circuit Court of Michigan, Muskegon County, before the Hon. Judge Holly A. Baker, Erin Matuz and Barbara Klingenmaier, as agents and representatives of Michigan Department of Human Services, sought and obtained an order requiring, as a condition of allowing the children to return home, that Thomas Hulbert and Kendra Hulbert have no contact with each other.

41.     Thomas Hulbert and Kendra Hulbert are husband and wife.

42.     While and order requiring Thomas Hulbert to stay out of the home and have no contact with Kendra's children is generally within the legal authority of the Court and CPS, an order prohibiting him from having contact with his spouse violated both Thomas Hulbert's and Kendra Hulbert's fundamental rights to marry the person of their choice and to maintain that marriage relationship under the U.S. Constitution's 14th Amendments along with other applicable state and federal constitutional and statutory guarantees.

## Count 4
## Violation of Plaintiffs' Rights to be Placed With Family

43.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

44.     On 12/20/2010 Erin Matuz obtained a a pickup order and removed the children from the home.

45.     B. D. and S. F. had a right under state law and court rules, including MCR 3.963(B)(3), to be placed with relatives when removed from their home if such is available.

46.     Nothing in the CPS Investigation report or in the court record indicates that sufficient attempts were made to place the children with their fathers.

47.     B. D. and S. F. were illegally deprived of their right to be placed with family by the direct and intentional omission of Erin Matuz.

## Count 5
## Violation of Plaintiffs' Rights to Procedural Due Process

48.     Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

49. On 12/20/2010 Eriz Matuz obtained a pickup order for Kendra Hulbert's children.

50. The only notice in the CPS file of the hearing for said order was a phone message and a conversation in which Barbara Klingenmaier told Kendra Hulbert that she could "be at the Family Court at 1PM and her concerns could be dealt with at that time."

51. Erin Matuz and Barbara Klingenmaier failed to provide adequate notice of said hearing, an action which violated Thomas Hulbert's and Kendra Hulbert's right to procedural due process under the U.S. Constitution's 14th Amendment along with other applicable state and federal constitutional and statutory guarantees.

### Count 6
### Violation of Plaintiffs' Rights to Substantive Due Process

52. Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

53. Defendant had received no information indicating or allegations of physical abuse or deprivation in Plaintiff's home.

54. Defendant's case file indicates that on Friday Dec 17, 2010, Defendants had received no information sufficient to pursue immediate removal of the children from the home.

55. The children were removed via emergency order without a hearing from Thomas Hulbert's and Kendra Hulbert's care without "exigent circumstances" or the existence of "imminent danger" as required by the due process clause of the 14th Amendment.

56. Thomas Hulbert and Kendra Hulbert were therefore deprived of their right to care, custody, and association with their children without constitutional legal authority and B. D. and S. F. were deprived of their right to receive care, custody, and association with their parents without constitutional legal authority.

57. Defendants removed minor children from the home of Thomas Hulbert and Kendra Hulbert without the existence adequate exigent circumstances which violated Plaintiffs' substantive due process rights under the U.S. Constitution's 14th Amendment along with other applicable state and federal constitutional and statutory guarantees.

### Count 7
### Infliction of Emotional Distress

58. Plaintiffs incorporate by reference all prior allegations of this Complaint into this Count.

59. Erin Matuz falsely stated in the protective custody filing that "reasonable efforts were made [by CPS] to prevent removal of the children from the home."

60. In both filings with the court and the CPS Investigation file, Erin Matuz repeatedly and intentionally mis-categorized and fraudulently misrepresented information.

61. This misrepresentation included, but was not limited to the following:

   a. categorizing raving on the phone with Brianne Moschke as "out of control" "behavior toward children";

   b. categorizing alleged damage to the home as "injury to a child"; and

   c. claiming that DHS had made reasonable attempts to help family because Thomas Hulbert had been in substance abuse counseling by court order in an unrelated matter.

62. Erin Matuz laughed in the presence of the children while removing them from Plaintiffs' home.

63. This conduct was extreme and outrageous.

64. This conduct was of a nature that it would be known to any reasonable person to be highly likely to result in severe emotional distress on the part of the Plaintiffs.

65. These distortions of facts and mis-truths were responsible for the removal of the children from the home and the subsequent removal of Thomas Hulbert causing disruption and extreme emotional distress to all Plaintiffs.

66. This extreme emotional distress was a reasonably foreseeable result of Erin Matuz's actions.

## Additional Claims and Summary

67. After receiving the initial contact from Brianne Moschke, Erin Matuz spent 5 days conducting interviews.

68. Those interviews disclosed no new information that was not covered in her initial contact with Brianne Moschke.

69. Seeking an emergency removal order was clearly inappropriate since the situation did not require removal during the 8 days that had elapsed since the opening of the file.

70. All actions alleged above against Erin Matuz were known to her supervisor Barbara Klingenmaier, and she is liable for her lack of oversight.

71. Plaintiffs repeat all above claims against Erin Matuz against Barbara Klingenmaier where she was actively involved in the CPS investigation.

72. Plaintiffs reserve the right to add any new claims that may be disclosed by discovery.

## Request for Relief

Therefore, Plaintiffs ask that this court grant the following:

1. Enter a declaration that Plaintiffs' constitutional rights were violated;

2. Enter a declaration that any information gained through unconstitutional acts of the Defendant in this case cannot be constitutionally used in any future investigation involving any of the Plaintiffs in order to prevent further violation of the Plaintiffs' constitutional right;

3. Award Plaintiffs appropriate Damages both compensatory and punitive;

4. Award Plaintiffs' reasonable costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. Award all other relief that is just and proper under the claims plead herein and under any other claims reasonably uncovered during discovery.

## DEMAND FOR JURY TRIAL

Plaintiffs demands trial by jury of all issues so triable.

respectfully submitted,

/s/ Joshua S. EldenBrady

Joshua S. EldenBrady
*Attorney for the Plaintiffs*
1336 Spring St
Muskegon, MI  49442
eldenbradylaw@gmail.com
517-630-1013